ROBB, Judge,
concurring in result.
[20] I respectfully concur in result, believing, as the majority does, that there are genuine issues of material fact which preclude judgment for Miller as a matter of law.
[21] I, however, find it unnecessary to discuss Thompson v. Owen at all, let alone “abandon” the volunteer doctrine it espoused. First, as the majority notes, Thompson may not even be binding precedent, as the majority in that case agreed only on the result, not the analysis.
[22] Second, the situation decided by Thompson is not the situation we have here. Although the parties agreed at oral argument that Miller asked Hunckler if he would help move the furnace rather than Hunckler offering to assist, whether or not Hunckler was a “volunteer” is a factual issue that would need to be resolved before we could even know if Thompson might apply. Is a person a “volunteer” only if he offers assistance first, or can he also be a “volunteer” if he agrees to assist when he is under no obligation to do so? *70 Does it matter who has asked for assistance; i.e. is a person more or less a “volunteer” if he assists a neighbor versus a business enterprise? Moreover, Hunck-ler has not asserted a premises liability claim as in Thompson; he has asserted a negligence claim to which regular tort principles would apply.
[23] And finally, I do not believe it is up to us to determine that this state no longer recognizes the volunteer doctrine, especially in a case in which the doctrine might not even apply.
[24] With respect to the remainder of the opinion, however, I am in agreement with my colleagues, and I therefore concur in the result.